ATKINSON *et al.,* receivers, *v.* ALEXANDER, administratrix.

Under the employer's liability act of 1909 (Civil Code (1910), §§ 2782 et seq.), where suit was brought by the administratrix of a deceased employee of receivers operating a railroad as a common carrier, whose death was caused by being run over by an engine of the carrier, alleged to have been negligently run at an improper speed, without proper signals, and without any lookout, though it was running backward through a railroad yard where many employees were constantly at work; and where, on the trial, the evidence introduced by the plaintiff tended to show that the decedent was killed by being run over by an engine of the carrier while he was engaged in his business as a car-inspector in its yards, and was standing on one of its tracks, a presumption of negligence arose against the defendants, and there was no error in refusing to grant a nonsuit.

(*a*) The evidence did not authorize it to be declared as matter of law that such negligence on the part of the deceased was shown as to prevent a recovery by his administratrix.

(*b*) After the overruling of the motion for a nonsuit, the defendants having introduced no evidence, a verdict in favor of the plaintiff was not contrary to law as being without evidence to support it.

JULY 17, 1914.

Action for damages. Before Judge George. Ben Hill superior court. July 7, 1913.

*Bolling Whitfield* and *Elkins & Wall,* for plaintiffs in error.

*W. L. & Warren Grice, J. A. Drake,* and *McDonald & Grantham,* contra.

LUMPKIN, J. Mrs. Mary L. Alexander as administratrix of J. T. Alexander, deceased, brought an action against the receivers of the Atlanta, Birmingham & Atlantic Railroad Company, to recover on account of the homicide of her intestate, caused by an engine of that company, while the road was being operated by the defendants. After the evidence for the plaintiff closed, counsel for the defendants moved for a nonsuit, which was refused. No evidence was introduced for the defendants, and the jury found a verdict for the plaintiff. A motion was made for a new trial, on the grounds that the verdict was contrary to law and evidence, and without evidence to support it. The motion was overruled, and the defendants excepted.

The employer's liability act of 1909 (Civil Code (1910), §§ 2782 et seq.) was intended to work, and did work, a great change in regard to the right of employees of common carriers by railroads to recover for injuries arising from negligence of the carrier or

of coemployees. It declared: "Every common carrier by railroad shall be liable in damages to any person suffering injury while he is employed by such carrier, or, in case of death of such employee, to his or her personal representative, . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defects or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road-bed, works, boats, wharves, or other equipment; provided, nevertheless, no recovery shall be had hereunder if the person killed or injured brought about his death or injury by his own carelessness amounting to a failure to exercise ordinary care; or if he, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence. . . In case death results from injury to the employee, the employer shall be liable unless it makes it appear that it, its agents, and employees have exercised all ordinary and reasonable care and diligence, the presumption being in all cases against the employer. If death does not result from the injury, the presumption of negligence shall be and remain as now provided by law in case of injury received by an employee in the service of a railroad company." Section 2783 applies the doctrine of comparative negligence to the employees of common carriers by railroads, and authorizes a recovery, although the employee may have been guilty of negligence contributing to the injury but not amounting to a failure to exercise ordinary care, the damages recoverable being diminished in proportion to the amount of negligence attributable to such employee.

In the present case the employee was killed by an engine of the carrier. Negligence was charged in the petition, in failing to keep a proper lookout, in running at a high rate of speed in violation of a rule of the carrier, and in failing to give any signal of the approach of the engine, which was running backward through railroad yards where many employees were constantly at work. The plaintiff introduced evidence tending to show that her intestate was killed while he was engaged in his business as a car-inspector, and was standing on a track in the yard of the carrier. The defendants introduced no evidence. Thus a presumption of negligence arose against them. The evidence introduced by the plaintiff did not rebut that presumption; nor can it be held that such evidence showed clearly that the decedent brought about his death by his

own carelessness amounting to a failure to exercise ordinary care, or that by the exercise of ordinary care he could have avoided the consequences of the defendants' negligence, so that as matter of law it can be declared that there can be no recovery. Accordingly, there was no error in overruling a motion for a nonsuit, or in refusing to grant a new trial, after verdict, on the ground that it was not authorized by the evidence.

*Judgment affirmed. All the Justices concur.*